UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA DEMPS,

    Plaintiff,

v.                          Case No.:  8:13-cv-1687-T-33TGW

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff Donna Demps' Unopposed Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 32), filed on June 6, 2016. Demps seeks an award of $1,295 in attorney's fees, plus $350 in costs. For the reasons that follow, the Court grants the Motion.

**A.**    **Eligibility for Award of Fees**

    The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially

1

justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1)-(2).

1. **Prevailing Party**

On June 20, 2014, the Court entered an Order pursuant to sentence six of 42 U.S.C. § 405(g) remanding the Commissioner's decision for further administrative proceedings. (Doc. # 23). The Court's June 20, 2014, Order also administratively closed the case during the proceedings on remand and retained jurisdiction. (Id.). Then on March 21, 2016, the Court directed the parties to file a status indicating whether the case should be closed. (Doc. # 26). In response, the Commissioner filed a motion to reopen this

action and affirm the January 28, 2016, decision of the Commissioner, which was fully favorable to Demps. (Doc. # 27). The Court thereafter granted the Commissioner's motion and Judgment was entered in favor of Demps on March 24, 2016. (Doc. ## 30-31). Thus, Demps qualifies as the prevailing party.

**2. Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this Court's Judgment, entered March 24, 2016, (Doc. # 31), became final, which would have occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Because Demps' Motion, including an itemized justification for the amount sought, was filed on June 6, 2016, it was timely filed.

**3. Claimant's Net Worth**

Demps states she "is an individual whose net worth did not exceed $2 million dollars at the time the action was filed. . . ." (Doc. # 32 at 1). The Commissioner does not

contest this fact. Accordingly, the Court finds this requirement to be satisfied.

### 4.  Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds the government's position was not substantially justified.

### 5.  No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

## B.  Amount of Fees

Having determined Demps is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Demps requests an award of $1,295

4

in attorney's fees, representing 7 hours at an hourly rate of $185 for work performed. (Doc. # 33 at 2).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). Here, the Court determines that a statutory cost of living adjustment in the hourly rate is appropriate. The Commissioner does not oppose Demps' hourly rate of $185 for work performed.

Demps seeks an award based on a total of 7 hours of attorney time. The Court believes 7 hours of attorney time is reasonable in this case. Therefore, the Court finds the requested fee of $1,295 to be a reasonable fee.

C.  **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to his attorney. Accordingly,

Demps does not request payment of the EAJA fees directly to her counsel at this juncture but instead posits that after the Court grants her Motion, the Commissioner will determine whether she owes a debt to the government. (Doc. # 32 at 2) ("If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, the government should accept the Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Donna Demps' Unopposed Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 32) is **GRANTED** in the amount of $1,645, representing $1,295 in attorney's fees and $350 in costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE